### No. 98

#### BEMAN THOMAS AND DAVID ARMSTRONG v. L. D. ABELL

Franklin County Court of Appeals
No. 888

For full opinion see Columbus Daily Law Reporter.

CONTRACTS—Joint or several—(1) Burden of proof on plaintiff to show—(2) Substantiate justice—not done by affirming a joint judgment that might have been several.

BY THE COURT:
Epitomized Opinion

This action was brought in the Common Pleas by Abell against Thomas and Armstrong and the Vinton Coal Co., to recover a commission alleged to be due him upon the sale of coal properties. He recovered a verdict against the two individuals. Error is here prosecuted by them to reverse the judgment.

The issue raised was as to whether T. and B. made individual contracts with the plaintiff for the payment of the commission. Upon this the trial court charged:

"If you find by a preponderance of the evidence that they (T. and A), did not personally enter into the contract as claimed by the plaintiff your verdict should be in their favor. If, however, you should find from the evidence that they acted as officers of the coal company, within the scope of their authority and not in their individual capacity, but that said company entered into the contract with the plaintiff, then your verdict should be against said company and not against said A. and T. as individuals."

1. The Appellate Court held that there was prejudical error in the charge in placing the preponderance of evidence upon the defendants T. and A., as the burden of proof under the pleading was upon

plaintiff to prove that T. and A. entered into a personal contract with him.

2. The court refused to confirm the judgment on the ground that substantial justice was done, holding that if the judgment was against Thomas alone there might be some grounds for so doing, but as the parties are jointly sued and a joint recovery had, the judgment should be reversed as to both T. and A.

---

### No. 90

#### HARBINE v. WINSLOW

Montgomery County Court of Appeals
No. 510, Jan. 4, 1923

JUDGMENTS—Opening up default—(1) Motion and petition as evidence when not sworn to positively—(2) Equivalent to no proof.

BY THE COURT:

This proceeding seeks to review the judgment of the Court of Common Pleas opening up a default judgment. The Court of Appeals held that:

1. Upon a hearing on the petition and motion it was certified in the bill of exceptions that no evidence was offered in support of said motion or petition other than said motion and petition. Neither of them were sworn to positively and the same could not be considered evidence in the absence of an agreement to that effect. Therefore the effect of the above statement in the bill of exceptions would be equivalent to saying that no evidence was offered on said hearing.

2. It is clear that the burden of proof is upon the party seeking to set aside the default judgment and in the absence of any evidence the court below could not properly, after the judgment term, set aside the judgment. Judgment reversed and cause remanded for new trial.

Attorneys—J. T. Harbine, Jr., C. H. Kyle, for Harbine; Lenz, Sigler & Denlinger, for Winslow.

---

### SUES FOR A MILLION

C. D. Jones, president of the First National Bank of Lancaster, has filed suit for $1,000,000 damages against National Bank Examiner William J. Schecter, Leroy Springs, John T. Stevens and H. R. Wright. Jones charged in his petition that the four men entered into a conspiracy to ruin him socially, financially and professionally. He alleges that the four entered into an agreement whereby the bank examiner was to give the other three information about his personal affairs, gained in examination of the First National Bank.

---

### THAT'S RIGHT

"Pa," said Clarence, "horses don't seem to go very fast compared to the automobile, do they?"

"No, but there's one thing about horses that still goes—the slower they go, the faster they can make your money go," replied his dad as he tore up the ticket he had on the also-rans.

To argue with one who is under the delusion that he is always in the right is waste of time.—Albany Journal.

"Everybody should lie on the right side," is the advice of a medical man. The only exception, we gather, is the politician who can do it on both sides. —Punch.